**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| | | CDCS# 2011A78513, 2011A78579, 2011A78590<br>Case No.: |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| JAMES COKINOS, | § | |
| | § | |
| Defendant | § | |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

**Jurisdiction**

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

**Venue**

2. The defendant is a resident of Palm Beach County, Florida within the jurisdiction of this Court and may be served with service of process at 1605 S US HWY 1 APT M2-112 , JUPITER, FL 33477.

**The Debt**

First Cause of Action - Claim Number: CDCS# 2011A78513

3. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $2,781.50 |
| B. Current Capitalized Interest Balance and Accrued Interest as of September 19, 2016 | $5,911.57 |

| | |
|---|---|
| C. Administrative Fee, Costs, Penalties | $0.00 |
| **Total Owed - Claim Number: CDCS# 2011A78513** | **$8,693.07** |

Second Cause of Action - Claim Number: CDCS# 2011A78579

4. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $2,685.41 |
| B. Current Capitalized Interest Balance and Accrued Interest as of September 19, 2016 | $6,375.03 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| **Total Owed - Claim Number: CDCS# 2011A78579** | **$9,060.44** |

Third Cause of Action - Claim Number: CDCS# 2011A78590

5. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $4,635.88 |
| B. Current Capitalized Interest Balance and Accrued Interest as of September 19, 2016 | $7,452.85 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| **Total Owed - Claim Number: CDCS# 2011A78590** | **$12,088.73** |
| Attorneys fees | $500.00 |

| | |
|---|---|
| **TOTAL OWED (Claim Numbers CDCS# 2011A78513, 2011A78579 & 2011A78590)** | **$30,342.24** |

The Certificate of Indebtedness, attached as Exhibit "A", "B" and "C", show the total owed excluding

attorney's fees and CIF charges. The principal balance and the interest balance shown on the respective Certificates of Indebtedness, are correct as of the date of the Certificates of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8% per annum on Claim Number CDCS# 2011A78513, 10% per annum on Claim Number CDCS# 2011A78579 and 3.8% per annum on Claim Number CDCS# 2011A78590.

**Failure to Pay**

6. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 and 4 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

**Newman & Marquez. P.A.**

Date: 10/12/16

By: ______________________

Jennifer Margolis Marquez
Florida Bar Number 0770701
1533 Sunset Drive, Suite 225
Coral Gables, Florida 33143
Tel.305-665-9633
Facsimile 305-666-9714
Email: JMarquez@NewmanMarquezPA.com

# EXHIBIT "A"

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #1 OF 3**

James C. Cokinos
1605 S US Highway 1
Jupiter, FL 33477
Account No. XXXXX[redacted]

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 07/22/11.

On or about 10/06/88, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from Bank of New England – Old Colony, Providence, RI. This loan was disbursed for $2,625.00 on 04/04/89 at 8.00% interest per annum. The loan obligation was guaranteed by Rhode Island Higher Education Assistance Authority, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 01/01/91, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,781.50 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 02/12/98, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $526.59 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,781.50 |
| Interest: | $4,762.83 |
| Total debt as of 07/22/11: | $7,544.33 |

Interest accrues on the principal shown here at the rate of $0.61 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 7/22/11

Loan Analyst
Litigation Support

Michael Illes
Loan Analyst

RHODE ISLAND HIGHER EDUCATION ASSISTANCE AUTHORITY

# Application and Promissory Note for a Guaranteed Student Loan

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 USC 1097. 00926

AG- X-000044-08 D

## SECTION I — TO BE COMPLETED BY THE STUDENT — READ THE INSTRUCTIONS — TYPE OR PRINT IN INK

1A Social Security Number: [redacted]

1B Correct item 1A in this space

2A Last Name, First, M.I., Permanent Home Address: COKINOS, JAMES C. 534 PARK AVE - PO BOX 393 PORTSMOUTH, R.I 02871

2B Correct item 2A in this space — Name / Address / City, State, Zip

3 Birthdate: [redacted]-56

4 Driver's License — State [redacted] No. [redacted]2434

5 Area Code/Phone No. [redacted]-[redacted]0657

6 U.S. Citizenship Status (check one): [X] 1 Citizen [ ] 2 Eligible Non-Citizen — Alien ID No.

7 References — You must provide separate adult references with different addresses (carefully read instructions).

| | Name | Street, City, State, Zip | Area Code/Phone No. | Employer |
|---|---|---|---|---|
| A | MARY LOU MELLO | 530 BOYDS LN - PORTS. RI 02871 | ([redacted]-5782) | BNE/OC |
| B | DEAN RODERIGUES | 166 MIDDLE RD - PORTS. RI | ([redacted]-1769) | SELF-EMP (ARTESIAN WELLS) |
| C | HELENE C. O'NEILL | 63 MEMORIAL BLVD - NEWPORT RI | ([redacted]9960) | SELF-EMP (BED + BREAKFAST) |

8 Intended Enrollment Status (check one): [X] 1 Full-time [ ] 2 At least half-time

9 Major Course of Study: 23

10 Requested Loan Amount: 2625.00

11 Loan Period For this Loan. Mo. Yr. From 1-89 To 9-89

12 Have you ever defaulted on an Education Loan? (check one) If yes, carefully read instructions. [ ] 1 Yes [X] 2 No

13 Do you have any unpaid student loans? (check one) If yes, carefully read instructions. If no, complete 13A through 13E with zeroes. [ ] 1 Yes [X] 2 No

13A Total unpaid balance of your most recent GSL. -0- .00

13B Interest rate on your most recent GSL. -0- %

13C Grade level of your most recent GSL

13D Beginning and ending dates of your most recent GSL. Mo. Yr. From N/A To Mo. Yr.

13E Total unpaid balance of all your Guaranteed Student Loans or any portion of this loan included in your Consolidation Loan. -0- .00

14 Name and Address of Previous Lender, if any.

IMPORTANT AMENDMENT TO PARAGRAPH III ON THE REVERSE SIDE: FOR FIRST TIME BORROWERS MAKING LOANS FOR SCHOOL PERIODS BEGINNING JULY 1, 1988 OR THEREAFTER, THE 8% INTEREST RATE WILL INCREASE TO 10% BEGINNING WITH THE FIFTH YEAR OF THE REPAYMENT PERIOD.

## Promissory Note for a Guaranteed Student Loan

I. Promise To Pay. [illegible] ... item 10 of this Application ... Loan Guarantee ... any other charges ... certifies that ... n. the Borrower Certification ... information highlighted in the application booklet. [illegible]

19A X James C. Cokinos 10-6-88

Signature of Student Borrower — Date

## SECTION II — TO BE COMPLETED BY THE SCHOOL

20 Name and Address of School: Art Inst. of Fort Lauderdale 1799 So. E. 17th St. Fort Lauderdale, Fla. 33316

21 School Code: 010195

22 Area Code/Phone No.: 305-463-3000

23A Grade Level Code: 1

23B Correct item 23A in this space

24A Anticipated Completion Date Mo. Yr.: 6-90

24B Correct item 24A in this space

25 Enrollment Period Covered by Loan: Mo. Day Yr. 1-04-89 Mo. Day Yr. 9-15-89

26 Family Adjusted Gross Income: 4913.00

27 Estimated Cost of Attendance For Loan Period: 13706.00

28 Estimated Financial Aid for Loan Period: 2200.00

29A Expected Family Contribution: 1200.00

30 Difference (27 minus the sum of 28 plus 29): 10,306.00

29B Correct item 29A in this space

31 Recommended Disbursement Date: 12-5-88 3-15-89 6-26-89

32 I have read and understand the terms of the school certification printed on the back of the application. Signature of Authorized Fin. Aid Director: Kathleen Maldonado — Type or Print Name and Title: KATHLEEN MALDONADO - FA DIRECTOR — Date: 11-28-88

## SECTION III — TO BE COMPLETED BY THE LENDER

34 Name and Address of lending institution.
BANK OF NEW ENGLAND - OLD COLONY
58 WEYBOSSET STREET
P.O. BOX 9666
PROVIDENCE, RI 02940-9666

35 Loan Amount Approved: 2625.00

36 Interest Rate: 8.0 %

37 Fee

38 Lender Code: 810236

39 Anticipated Disbursement Date(s): Mo. Day Yr. 12.20.88 Mo. Day Yr. 4.05.89 Mo. Day Yr.

40 Signature of Authorized Lending Official: [signature]

41 Area Code/Phone No.: 401- 431 4769

42 For Lender Use Only

Type or Print Name and Title: Student Loan Adm. — Date: 12/2/88

© Copyright 1987 USA Funds, Inc. All rights reserved.
This form is to be used only by USA Funds or the guarantor it serves as identified above.
LENDER COPY A

USA Funds Form 115C 9/87 B6

RECEIVED MAY 10 2011 BY: [signature]

# Additional Terms of the Promissory Note for a Guaranteed Student Loan

**II. Date Note Comes Due.** I will repay this loan in periodic installments beginning no later than the end of my grace period as shown on the Notice of Loan Guarantee and Disclosure Statement; or 2) in full immediately if I fail to enroll at and attend the school which certified this application for the academic period intended, in which case I will not be eligible for a grace period. During the grace period, I may request that repayment may begin before my grace period ends.

**III. Interest.** I agree to pay an amount equivalent to simple interest on the unpaid principal balance from the date you advance the loan until the loan is paid in full. If I have an outstanding Student Loan(s) with an interest rate of 7%, 8% or 9%, the interest rate on this loan will be the same as that on my outstanding loan(s). If I have no outstanding Guaranteed Student Loan, the interest rate on this loan will be 8%. The Notice of Loan Guarantee and Disclosure Statement identifies the applicable interest rate for this loan. The Secretary of Education (Secretary) will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event the interest on this loan is payable by the Secretary, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.

Once the repayment period begins, I will be responsible for payment of all the interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.

The lender may add any interest to the unpaid principal balance of this loan that is not paid when it is due, in accordance with regulations of the guarantor governing the GSLP. All payments will be made to your address as specified on the Notice of Loan Guarantee and Disclosure Statement or to any other address you notify me of.

**IV. Origination and Guarantee Fees.** I will pay to you an origination fee not to exceed the percentage of the loan amount that is authorized by Federal law. You will deduct this fee proportionately from each disbursement of principal of this loan. I will also pay you an amount equal to the guarantee fee that you are required to pay to the guarantor for this loan. I am entitled to a refund of the origination and guarantee fee paid in respect to this note, if I pay back this note in full within 120 days of disbursement or I return the uncashed loan check to you. The amount of the origination and guarantee fees will be disclosed to me on the Notice of Loan Guarantee and Disclosure Statement.

**V. Default.** I will be in default and you have the right to give me notice that the whole outstanding principal balance, plus any unpaid interest I owe is due and payable at once if I fail to make an installment payment when due, or to meet other terms of the promissory note under circumstances where the guarantor finds it reasonable to conclude that I no longer intend to honor the obligation to repay, provided that this failure persists for 180 days for a loan repayable in monthly installments, or 240 days for a loan repayable in less frequent installments. After sending such notice to me, you will have the right, without further notice, to take the outstanding balance out of my checking and/or savings account I have with you, if not prohibited by law, but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me. If I default, I will still be required to pay interest on this loan as provided in Interest, Paragraph III from the date of default. The lender, holder or guarantor may disclose to schools I have attended (or am currently attending) the information about the default and I will be ineligible to receive assistance from any of the following federal programs: Pell Grant, Byrd Scholarship, Supplemental Education Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loan (formerly called National Direct Student Loans), Guaranteed Student Loan, Supplemental Student Loans (SLS), PLUS Loans, or an Income Contingent Loan or Consolidation Loans. A default also makes me ineligible for the benefits, if any, which I may qualify for as described under *Deferment*, Paragraph VIII and under Interest, Paragraph III. If this loan is referred for collection to any agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs.

**VI. Late Charges and Collection Costs.** If any required installment payment has not reached you within 10 days after its due date or if I fail to provide written evidence that verifies my eligibility to have the payment deferred as described under *Deferment*, Paragraph VIII, you may, if permitted by law, bill me for a late charge at the maximum rate permitted which rate charged shall not exceed six cents for each dollar of each late installment. If I fail to pay any of these amounts when they are due, I will pay all charges and other costs, including the statutorily authorized fees of an outside attorney and court costs that are permitted by Federal law and regulations for the collection of this loan, which you incur in collecting this loan.

**VII. Additional Agreements.** The proceeds of this loan will be sent to the school listed on my application and be used only for educational expenses. Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing. If the guarantor is required under its guarantee to repay my loans(s) because I have defaulted, the guarantor will become the owner of this Note and as my creditor will have all the rights of the original Lender to enforce this Note against me. I understand that I must repay this Note even though I may be under 18 years of age. This Note is not effective until it is accepted by you. If the borrower becomes totally and permanently disabled, or dies, his or her obligation to repay this loan will be cancelled from default. I agree to notify you of a change in my name, address or any applicable school enrollment status within 10 days. I have not made any false written statement with regard to the loan. If any provision of this Note is determined to be unenforceable or is prohibited by law, such provision shall be considered ineffective without invalidating the remaining provisions of this Note. In this Note the words I, me, and my mean the borrower identified in Item 2 of Section I of the Application and any cosigner of this Note. You, your and yours mean the Lender and any other owner of the Note.

**VIII. Deferment.** I am entitled to deferments under the Higher Education Act, as amended and its regulations. In order to receive a deferment, I must request the deferment and provide you with all documentation required to establish my eligibility. I understand that I must notify you when the condition entitling me to the deferment no longer exists. My eligibility for a deferment will be determined by the information highlighted in the Application Booklet.

**IX. Repayment.** I will repay the total amount due on this Promissory Note in periodic installments, with interest on the unpaid balance from the due date of this Promissory Note until the loan is paid in full. I will repay this loan over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:

1. If, during the grace period, I request a shorter repayment period, the Lender may grant me a shorter period.
2. The Lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I — or, if both my spouse and I have GSL, PLUS or SLS program loans outstanding — we pay toward principal and interest at least $600 or the unpaid balance of all such loans (plus interest), whichever is less.
3. If I qualify for postponement of my payments during any period described under DEFERMENT in this Promissory Note, or if the Lender grants "forbearance," those periods will not be included in the 5- and 10-year periods mentioned above.

The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as repayment schedule, that the Lender will provide to me, normally just before the repayment period begins. I further agreed that the lender may grant me a forbearance for the purpose of aligning the first payment date of this Loan with other loans reflected on my repayment schedule.

**X. Prepayment.** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**XI. Credit Bureau Notification.** Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If I default on this loan, the lender, holder or guarantor will also report the default to credit bureau organizations.

This may significantly and adversely affect my ability to obtain other credit.

The lender, holder or guarantor must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations unless I enter into repayment on the loan within 30 days.

The lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization and completeness of information reported about me.

## Borrower Certification

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in Section I of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the Lender any refund which may be due me up to the amount of this loan. I further authorize any school that I may attend to release to the lending institution, subsequent holder, guarantor, U.S Department of Education, or their agents, any requested information pertinent to this loan (e.g. employment, enrollment status, current address). I certify that the proceeds of any loan made as a result of this application will be used for educational expenses for the loan period covered by this application at the school named in Section II. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at that school for the loan period stated in Item 25. I certify that the total amount of loans received under the Guaranteed Student Loan Program, Title IV, Part B (P.L. 89-329) as amended, will not exceed the allowable maximums. I further certify that I do not now owe a refund on a Pell Grant, Byrd Scholarship, Supplemental Grant, or State Student Incentive Grant and am not now in default on a Perkins Loan Program (formerly called National Direct Student Loan) or a Guaranteed Student Loan, or a Federally Insured Student Loan or a PLUS/ALAS/SLS loan or an Income Contingent Loan or a Consolidation Loan unless I have otherwise indicated in Item 12 of this Application. I further authorize my Lender to issue a check covering the proceeds of my loan, in full, or in part, made payable to me, or at the Lender's option, jointly payable to me and the school, and sent to the school named in Section II.

I, the student borrower, understand that I will receive a Notice of Loan Guarantee and Disclosure Statement that identifies my loan amount (as determined by the Lender), the fee amounts, disbursement dates, grace period, interest rate and late charges. I, the student borrower, understand and agree that if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on the Application and Promissory Note, the information on the Notice of Loan Guarantee and Disclosure Statement applies.

BEST COPY AVAILABLE

AT TIME OF IMAGING

Cokinos, James C.
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

Education Assistance Authority Without recourse or warranty to the undersigned

Date: 7-3-91

Signature: [signature]

Title: V.P.

RECEIVED
MAY 10 2011

BY: [initials]

# EXHIBIT "B"

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #2 OF 3**

James C. Cokinos
1605 S US Highway 1
Jupiter, FL 33477
Account No. XXXXX[redacted]

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 07/22/11.

On or about 08/21/89, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from First America Savings Bank, Longmont, CO. This loan was disbursed for $2,625.00 on 11/07/89 through 12/22/89 at 10.00% interest per annum. The loan obligation was guaranteed by United Student Aid Funds, Inc., and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 01/30/92, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,685.41 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/04/05, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $73.91 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,685.41 |
| Interest: | $4,988.72 |
| Total debt as of 07/22/11: | $7,674.13 |

Interest accrues on the principal shown here at the rate of $0.74 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 7/27/11

[signature]
Loan Analyst
Litigation Support

Michael Illes
Loan Analyst

NOV 03 1989

UNITED STUDENT AID FUNDS, INC.

# Application and Promissory Note for a Guaranteed Student Loan

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties, which may include fines or imprisonment under the United States Criminal Code and 20 USC 1097.

04678 SH- N-000000-01 D

## SECTION I — TO BE COMPLETED BY THE STUDENT — READ THE INSTRUCTIONS — TYPE OR PRINT IN INK.

1A Social Security Number: [redacted]

1B Correct Item 1A in this space

2A Last Name, First, M.I., Permanent Home Address: Cokinos, James C / 2445 SW 18th Terrace / Fort Lauderdale 33315

2B Correct Item 2A in this space — Name — Address — City, State, Zip: Ft. Lauderdale, FL

3 Birthdate: [redacted]56

4 Driver's License — State [redacted] No. [redacted]2434

5 Area Code/Phone No. [redacted]3508

6 U.S. Citizenship Status (check one): [X] 1 Citizen [ ] 2 Eligible Non-Citizen — Alien ID No.

7 References — You must provide separate adult references with different addresses (carefully read instructions).

| | Name | Street, City, State, Zip | Area Code/Phone No. | Employer |
|---|---|---|---|---|
| A | [illegible] | 530 [illegible] Lane Portsmouth RI | [redacted]5202 | B/oc |
| B | Dean Rodrigues | [illegible] Middle Road, Portsmouth RI | [redacted]1265 | [illegible] |
| C | [illegible] | 63 [illegible] Blvd Newport, RI 02840 | [redacted]8860 | Self |

8 Intended Enrollment Status (check one): [X] 1 Full-time [ ] 2 At least half-time

9 Major Course of Study: [illegible] 15

10 Requested Loan Amount: 2625.00

11 Loan Period For this Loan: From Mo. Yr. 9/89 To Mo. Yr. 6/90

12 Have you ever defaulted on an Education Loan? (check one) If yes, carefully read instructions. [ ] 1 Yes [X] 2 No

13 Do you have any unpaid student loans? (check one) If yes, carefully read instructions. If no, complete 13A through 13E with zeroes. [X] 1 Yes [ ] 2 No

13A Total unpaid balance of your most recent GSL: 2625.00

13B Interest rate on your most recent GSL: 8 %

13C Grade level of your most recent GSL: 1

13D Beginning and ending dates of your most recent GSL: From 1/89 To 9/89

13E Total unpaid balance of all your Guaranteed Student Loans or any portion of this loan included in your Consolidation Loan: 2625.00

14 Name and Address of Previous Lender, if any: Bank of New England - Old Colony / 58 Weybosset St / Providence, RI 02940

7A.
B - 02871
C -

### Promissory Note for a Guaranteed Student Loan

I. Promise To Pay: I, the undersigned borrower, promise to pay you or your order when this note is due, a sum equal to the loan amount I have requested in Section I, Item 10 of this Application, or any lesser amount which will be disclosed to me in the Notice of Loan Guarantee and Disclosure Statement or the amount advanced to me, plus interest and any other charges which may become due as provided in Paragraph VI. My signature certifies that I have read, understand and agree to the conditions and authorizations stated in the Borrower Certification printed on the reverse side and the legally required information highlighted in the application booklet.

I understand that this is a promissory note. I will not sign this Promissory Note before reading it including the writing on the reverse side, even if otherwise advised. As a borrower, I am entitled to an exact copy of this Promissory Note, the Notice of Loan Guarantee and Disclosure Statement and any agreement I sign. By signing this Promissory Note I, the borrower, acknowledge that I have received an exact copy of this note.

19A X James C. Cokinos 8/21/89

Signature of Student Borrower — Date

Notice to Student: Terms of this Promissory Note continue on the reverse side. Retain Copy D for your records.

## SECTION II — TO BE COMPLETED BY THE SCHOOL

20 Name and Address of School: ART INSTITUTE OF FT. LAUDERDALE / 1799 SOUTHEAST 17TH ST. / FT. LAUDERDALE, FL 33316-3000

21 School Code: 010195

22 Area Code/Phone No.: 800-327-7603

23A Grade Level Code: 2

23B Correct Item 23A in this space

24A Anticipated Completion Date: Mo. Yr. 5/90

24B Correct Item 24A in this space

25 Enrollment Period Covered by Loan: Mo Day Yr 9-25-89 – Mo Day Yr 3/16/90

26 Family Adjusted Gross Income: 0.00

27 Estimated Cost of Attendance for Loan Period: 14682.00

28 Estimated Financial Aid for Loan Period: 2999.00

29A Expected Family Contribution: 2414.00

30 Difference (27 minus the sum of 28 plus 29): 9269.00

31 Recommended Disbursement Date: Mo. Day Yr. 10-30-89 Mo. Day Yr. 12-22-89 Mo. Day Yr.

29B Correct Item 29A in this space

32 I have read and understand the terms of the school certification printed on the back of the application. Signature of Authorized Fin. Aid Director: A. Bastia[illegible]

Type or Print Name and Title: A. Bastia[illegible] Tech. Asst

Date: 10/25/89

## SECTION III — TO BE COMPLETED BY THE LENDER

34 Name and Address of lending institution: FIRST AMERICA SAVINGS BANK / FSD/DBA NAHELP / P. O. BOX 820 / LONGMONT, CO 80501

35 Loan Amount Approved

36 Interest Rate %

37 Fee

This application has been electronically processed by [illegible]

38 Lender Code: 830374

39 Anticipated Disbursement Date(s): Mo. Day Yr. Mo. Day Yr. Mo. Day Yr.

40 Signature of Authorized Lending Official: [signature]

Type or Print Name and Title

Date: 11-6-89

41 Area Code/Phone No.: 800-824-3185

42 For Lender Use Only

RECEIVED MAY 10 2011

© Copyright 1987 USA Funds, Inc. All rights reserved.
This form is to be used only by USA Funds or the guarantor it serves as identified above.

LENDER COPY A

USA Funds Form 1180/03

BY: [signature]

# Additional Terms of the Promissory Note for a Guaranteed Student Loan

**II. Date Note Comes Due.** I will repay this loan 1) in periodic installments beginning no later than the end of my grace period as disclosed to me in the Notice of Loan Guarantee and Disclosure Statement or 2) in full immediately if I fail to enroll at and attend the school which certified this application for the academic period intended In which case I will not be eligible for a grace period During the grace period I may request that repayment may begin before my grace period ends

**III. Interest.** I agree to pay an amount equivalent to simple interest on the unpaid principal balance from the date you advance this loan until the loan is paid in full If I have an outstanding Student Loan(s) with an interest rate of 7% 8% or 9% the interest rate on this loan will be the same as that on my outstanding loan(s) If I have no outstanding Guaranteed Student Loan, the interest rate on this loan will be 8% The Notice of Loan Guarantee and Disclosure Statement identifies the applicable interest rate for this loan The Secretary of Education (Secretary) will pay the interest that accrues on this loan prior to the repayment period and during any deferment period if it is determined that I qualify to have such payments made on my behalf under the regulations governing the GSLP In the event the interest on this loan is payable by the Secretary the lender may not attempt to collect this interest from me I may however choose to pay this interest myself

Once the repayment period begins I will be responsible for payment of all the interest that accrues on this loan except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note

The lender may add any interest to the unpaid principal balance of this loan that is not paid when it is due in accordance with regulations of the guarantor governing the GSLP All payments will be made to your address as specified on the Notice of Loan Guarantee and Disclosure Statement or to any other address you notify me of

**IV. Origination and Guarantee Fees.** I will pay to you an origination fee not to exceed the percentage of the loan amount that is authorized by Federal law You will deduct this fee proportionately from each disbursement of principal of this loan I will also pay you an amount equal to the guarantee fee that you are required to pay to the guarantor for this loan I am entitled to a refund of the origination and guarantee fees paid in respect to this note if I pay back this note in full within 120 days of disbursement or I return the uncashed loan check to you The amount of the origination and guarantee fees will be disclosed to me on the Notice of Loan Guarantee and Disclosure Statement

**V. Default.** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once if I fail to make an installment payment when due or to meet other terms of the promissory note under circumstances where the guarantor finds it reasonable to conclude that I no longer intend to honor the obligation to repay provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments After sending such notice to me you will have the right without further notice to take the outstanding balance out of my checking and/or savings account I have with you if not prohibited by law, but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me If I default I will still be required to pay interest on this loan as provided in Interest Paragraph III from the date of default The Lender holder or guarantor may disclose to schools I have attended (or am currently attending) the information about the default and I will be ineligible to receive assistance from any of the following federal programs Pell Grant Byrd Scholarship, Supplemental Education Opportunity Grant College Work-Study State Student Incentive Grant Perkins Loan (formerly called National Direct Student Loans) Guaranteed Student Loan Supplemental Student Loans (SLS) PLUS Loans or an Income Contingent Loan or Consolidation Loans A default also makes me ineligible for the benefits if any, which I may qualify for as described under Deferment Paragraph VIII and under Interest Paragraph III If this loan is referred for collection to any agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs

**VI. Late Charges and Collection Costs.** If any required installment payment has not reached you within 10 days after its due date or if I fail to provide written evidence that verifies my eligibility to have the payment deferred as described under Deferment Paragraph VIII you may if permitted by law bill me for a late charge at the maximum rate permitted which rate charged shall not exceed six cents for each dollar of each late installment If I fail to pay any of these amounts when they are due I will pay all charges and other costs, including the statutorily authorized fees of an outside attorney and court costs that are permitted by Federal law and regulations for the collection of this loan which you incur in collecting this loan

**VII. Additional Agreements.** The proceeds of this loan will be sent to the school listed on my application and be used only for educational expenses Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights No provision of this Note can be waived or modified except in writing If the guarantor is required under its guarantee to repay my loans(s) because I have defaulted the guarantor will become the owner of this Note and as my creditor will have all the rights of the original Lender to enforce this Note against me I understand that I must repay this Note even though I may be under 18 years of age This Note is not effective until it is accepted by you If the borrower becomes totally and permanently disabled or dies his or her obligation to repay this loan will be cancelled from default I agree to notify you of a change in my name, address or any applicable school enrollment status within 10 days I have not made any false written statement with regard to the loan If any provision of this Note is determined to be unenforceable or is prohibited by law, such provision shall be considered ineffective without invalidating the remaining provisions of this Note In this Note the words I me, and my mean the borrower identified in Item 2 of Section I of the Application and any cosigner of this Note You your and your mean the Lender and any other owner of the Note

**VIII. Deferment.** I am entitled to deferments under the Higher Education Act as amended and its regulations In order to receive a deferment I must request the deferment and provide you with all documentation required to establish my eligibility I understand that I must notify you when the condition entitling me to the deferment no longer exists My eligibility for a deferment will be determined by the information highlighted in the Application Booklet

**IX. Repayment.** I will repay the total amount due on this Promissory Note in periodic installments with interest on the unpaid balance from the due date of this Promissory Note until the loan is paid in full I will repay this loan over a repayment period that generally lasts at least 5 years but no more than 10 years However the following exceptions to these rules apply

1 If during the grace period I request a shorter repayment period the Lender may grant me a shorter period

2 The Lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I — or if both my spouse and I have GSL PLUS or SLS program loans outstanding — we pay toward principal and interest at least $600 or the unpaid balance of all such loans (plus interest), whichever is less

3 If I qualify for postponement of my payments during any period described under DEFERMENT in this Promissory Note or if the Lender grants 'forbearance, those periods will not be included in the 5- and 10-year periods mentioned above

The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document known as repayment schedule, that the Lender will provide to me, normally just before the repayment period begins I further agree that the lender may grant me a forbearance for the purpose of aligning the first payment date of this Loan with other loans reflected on my repayment schedule

**X. Prepayment.** I may at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time If I do so I will be entitled to a rebate of any unearned interest that I have paid

**XI. Credit Bureau Notification.** Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations

If I default on this loan the lender holder or guarantor will also report the default to credit bureau organizations

This may significantly and adversely affect my ability to obtain other credit

The lender holder or guarantor must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations unless I enter into repayment on the loan within 30 days

The lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization and completeness of information reported about me

## Borrower Certification

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct I the borrower certify that the information contained in Section I of this application is true complete and correct to the best of my knowledge and belief and is made in good faith I hereby authorize the school to pay to the Lender any refund which may be due me up to the amount of this loan I further authorize any school that I may attend to release to the lending institution, subsequent holder guarantor U S Department of Education, or their agents, any requested information pertinent to this loan (e g employment, enrollment status, current address) I certify that the proceeds of any loan made as a result of this application will be used for educational expenses for the loan period covered by this application at the school named in Section II I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at that school for the loan period stated in Item 25 I certify that the total amount of loans received under the Guaranteed Student Loan Program Title IV Part B (P.L. 89-329) as amended will not exceed the allowable maximums I further certify that I do not now owe a refund on a Pell Grant Byrd Scholarship Supplemental Grant or State Student Incentive Grant and am not now in default on a Perkins Loan Program (formerly called National Direct Student Loan) or a Guaranteed Student Loan, or a Federally Insured Student Loan or a PLUS/ALAS/SLS loan or an Income Contingent Loan or a Consolidation Loan unless I have otherwise indicated in Item 12 of this Application. I further authorize my Lender to issue a check covering the proceeds of my loan, in full, or in part made payable to me, or at the Lender s option jointly payable to me and the school and sent to the school named in Section II

I the student borrower understand that I will receive a Notice of Loan Guarantee and Disclosure Statement that identifies my loan amount (as determined by the Lender) the fee amounts disbursement dates grace period, interest rate and late charges I, the student borrower understand and agree that if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on the Application and Promissory Note the information on the Notice of Loan Guarantee and Disclosure Statement applies

RECEIVED
MAY 10 2011
BY: ________

# EXHIBIT "C"

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #3 OF 3**

James C. Cokinos
1605 S US Highway 1
Jupiter, FL 33477
Account No. XXXXX[redacted]

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 07/22/11.

On or about 08/21/89, the borrower executed promissory note(s) to secure loan(s) of $4,000.00 from INB National Bank, Indianapolis, IN. This loan was disbursed for $4,000.00 on 11/16/89 through 12/29/89 at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by United Student Aid Funds, Inc., and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 03/28/91, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $4,635.88 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/04/05, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $114.90 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $4,635.88 |
| Interest: | $6,633.05 |
| Total debt as of 07/22/11: | $11,268.93 |

Interest accrues on the principal shown here at the current rate of 3.42% and a daily rate of $0.43 through June 30, 2012, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 7/22/11

[signature]
Loan Analyst
Litigation Support

Michael Illes
Loan Analyst

# UNITED STUDENT AID FUNDS, INC.

## Application and Promissory Note for a PLUS/SLS Loan

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 USC 1097. 07568 PL- N-000000-01 D

**SECTION A - TO BE COMPLETED BY THE BORROWER - READ THE INSTRUCTIONS - TYPE OR PRINT IN INK**

1. Social Security Number: [redacted]
2. Last Name, First, M.I., Permanent Home Address: COKINOS, JAMES C. 2445 SW 18th Terrace Apt. 822 Fort Lauderdale, FLA 3331[redacted]
3. Birthdate: [redacted]/56
4. Driver's License — State [redacted] No. [redacted]2434
5. Area Code/Telephone Number: [redacted]-3528

U.S. Citizenship Status (Check one) ☑ 1 Citizen ☐ 2 Eligible Non-Citizen Alien ID No.

- Requested Loan Amount: 4,000.00
- Have you ever defaulted on an education loan? (Check one) If yes, carefully read instructions. ☐ 1 Yes ☑ 2 No
- Do you have any unpaid PLUS/SLS Loans for the student identified in Section 1B? If yes, enter the information only for the student identified in 1B. If no, complete 9A through 9D with zeroes. ☐ 1 Yes ☑ 2 No
- 9A Unpaid balance of your most recent PLUS/SLS Loan: 0
- 9B Grade level of your most recent PLUS/SLS Loan: 0
- 9C Beginning and ending dates of your most recent PLUS/SLS Loan. Mo. Yr. Mo. Yr.: 0
- 9D Enter the total unpaid balance you owe on all your PLUS/SLS Loans, or any portion of these loans included in your Consolidation Loan. (Carefully read instructions.): 0

References—You must provide 3 separate adult references with different addresses. If your Lender requires a cosigner make the cosigner your first reference. (Carefully read instructions.)

| | Reference 1 | Reference 2 | Reference 3 |
|---|---|---|---|
| Name | Mary Lou Mello | Dean Rodrigues | Helen C O'Neil |
| Street Address | 330 Boyd Lane | 166 Middle Road | 63 Memorial Blvd |
| City, State, Zip | Portsmouth, RI 02871 | Portsmouth, RI 02871 | Newport, RI |
| Telephone | [redacted]-5782 | [redacted]-1768 | [redacted]-4460 |
| Employer | BNE 100 | Artesian Wells of Newport | Self employed (Realtor) |

If you qualify for a deferment, do you wish to defer principal payments while in school? ☑ 1 Yes ☐ 2 No

Mary Lou Mello, 330 Boyd Lane, Portsmouth, RI 02871, [redacted]-5782, BNE 100
Dean Rodrigues, 166 Middle Rd, Portsmouth, RI 02871, [redacted]-1768, Artesian Wells
Helen C. O'Neil, 63 Memorial Blvd, New Port, RI 02840, [redacted]-4460, Self Employed

**Promissory Note for a PLUS/SLS Loan**

I Promise To Pay ... [illegible] ... to pay to you or your order when this Note becomes due ... the amount I have requested in Section 1, Item 7 of this Application ... as set forth in the Notice of Loan Guarantee and Disclosure Statement ... advanced to me plus interest and any other charges which may become due ... My signature certifies I have read ... the Borrower Certification printed on the reverse side and the ... required information highlighted in the Application Booklet.

I understand this is a Promissory Note. I will not sign this Promissory Note before reading it, including the writing on the reverse side, even if otherwise advised. As a Borrower I am entitled to an exact copy of this Promissory Note, the Notice of Loan Guarantee and Disclosure Statement and any agreement I sign. By signing this Promissory Note I ... acknowledge I have received an exact copy of this Note.

X James C. Cokinos 8/21/89
Borrower Signature Date

Notice to Borrower: Terms of the Promissory Note continue on the reverse side. Retain Copy D for your records.

**SECTION 1B - TO BE COMPLETED BY THE STUDENT - READ THE INSTRUCTIONS**

- Social Security Number: [redacted]
- Last Name, First, M.I.: Cokinos, James, C.
- Birthdate: [redacted]/56
- U.S. Citizenship Status (Check one) ☑ 1 Citizen ☐ 2 Eligible Non-Citizen Alien ID No.
- Major Course of Study: MVB
- Loan Period for this Loan: From 9/89 To 6/90
- Enrollment Status (Check one) ☑ 1 Full-Time ☐ 2 At Least Half-Time
- Have you ever defaulted on an education loan? (Check one) If yes, carefully read instructions. ☐ 1 Yes ☑ 2 No
- Name of Previous Lender, if any: None
- I have read and understand the terms of the STUDENT CERTIFICATION printed on the back of this Application. Signature of Student: James C. Cokinos Date 8/21/89

**SECTION II - TO BE COMPLETED BY THE SCHOOL**

- Name and Address of School: ART INSTITUTE OF FT. LAUDERDALE, 1799 SOUTHEAST 17TH STREET, FT. LAUDERDALE, FL 33316
- School Code: 010195
- Area Code/Telephone Number: 800-327-7603
- Grade Level Code: 2
- Anticipated Completion Date: 6/90
- Loan Period: From 9-25-89 To 6/8/90
- Recommended Disbursement Dates: 10-30-89 12-22-89
- Cost of Attendance for Loan Period: 14682.00
- Financial Aid for Loan Period: 3935.00
- Cost Less Aid (30 minus 31): 10747.00
- I have read and understand the terms of the SCHOOL CERTIFICATION printed on the back of this Application. Signature of Financial Aid Director: A. Bartice
- Type or Print Name and Title: A. Bartice Tech Asst
- Date: 10/25/89

**SECTION III - TO BE COMPLETED BY THE LENDER**

- Name and Address of Lending Institution: INB NATIONAL BANK, P. O. BOX 60629, INDIANAPOLIS, IN 46250
- Disbursement Dates Mo. Day Yr. Mo. Day Yr.
- Amount Lender Approves: .00
- First Payment Date Mo. Day Yr.
- Combine with previous loans? (Check one) ☑ Yes ☐ No
- Area Code/Telephone Number: 800-824-7044
- No. of Mos. in Repayment Term
- Lender Code: 803634
- For Lender Use Only
- Authorized Lending Officer
- Type or Print Name and Title
- Date

RECEIVED MAY 1 0 2011 BY:

©Copyright 1988 United Student Aid Funds, Inc. All Rights Reserved. This form is to be used only by USA Funds or the Guarantor it serves as identified above. LENDER COPY A

# Additional Terms of the Promissory Note for a PLUS/SLS Loan

**II. Date Note Comes Due.** This Note becomes due immediately subject to the following requirements for entering repayment I will repay this loan in periodic installments which will begin 1) on the day identified in the Notice of Loan Guarantee and Disclosure Statement, or 2) within 60 days of the last disbursement, or 3) no later than 45 days after I cease to be eligible for any deferment of principal payments granted to me after the loan proceeds are advanced

**III. Interest.** I agree to pay interest on the unpaid principal balance of this loan from the date you advance the loan until the loan is paid in full My interest rate on this loan will be a variable rate never to exceed 12%, adjustable annually, equal to the bond equivalent rate of the 52 week Treasury Bills auctioned at the final auction held prior to June 1 plus 3 25 percent. This variable annual rate is determined by the Secretary of the United States Department of Education (hereinafter the "Secretary") in accordance with the Higher Education Act of 1965, as amended (hereinafter the "Act") The rate is determined each year on June 1 and is applicable for any period beginning July 1 of each year and ending June 30 of the following year The interest rate for this loan will be disclosed on the Notice of Loan Guarantee and Disclosure Statement. From the first disbursement date until the final disbursement date and during a deferment of principal payments, I agree either to pay the total interest accrued, if any, or that the Lender may add such interest to the principal balance due to be repaid with interest, in installments. All payments will be made to your address indicated on the Notice of Loan Guarantee and Disclosure Statement or to any other address provided to me

**IV. Guarantee Fees.** I will pay you a guarantee fee, if applicable, in an amount identified on the Notice of Loan Guarantee and Disclosure Statement, which you will forward to the Guarantor to pay for its guarantee of this Note The guarantee fee may be deducted from the proceeds of this loan If I return the original disbursal check uncashed or if I repay this loan in full within 120 days of disbursement I will be entitled to a full refund of the guarantee fee

**V. Default.** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once if I fail to make an installment payment when due, or to meet other terms of the Promissory Note under circumstances where the Guarantor finds it reasonable to conclude I no longer intend to honor the obligation to repay, provided this failure persists for 180 days for a loan repayable in monthly installments, or 240 days for a loan repayable in less frequent installments. After sending such notice to me, you will have the right, without further notice, to take the outstanding balance out of my checking and/or savings account I have with you, if not prohibited by law, but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me If I default, I will still be required to pay interest on this loan as provided in Interest, Paragraph III from the date of default The Lender, Holder and Guarantor may disclose to schools I have attended (or am currently attending) any information about the default and I will be ineligible to receive assistance from any of the following federal programs Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loan (formerly called National Defense/Direct Student Loans (NDSL)), Stafford Loan, Supplemental Student Loan (SLS), PLUS Loan, an Income Contingent Loan or a Consolidation Loan A default also makes me ineligible for the benefits, if any, which I may qualify for as described under Deferment, Paragraph VIII and under Interest, Paragraph III

**VI. Late Charges and Collection Costs.** If any payment has not reached you within 10 days after its due date or if I fail to provide written evidence which verifies my eligibility to have the amount deferred as described ... if permitted by law, bill me for a late charge at ... six cents for each dollar of each late installment ... due, I will pay all charges and other costs, inc... attorney and court costs that are permitted by ... loan, which you incur in collecting this loan. In ... as a result of the Guarantor performing supp... §428(c)(6)(C) of the Act, I will be liable for such ... principal balance or $100 00, whichever is less

**VII. Additional Agreements** ... education expenses Any notice required to be ...

class mail to the latest address you have for me Your failure to enforce or insist I comply with any term of this Note is not a waiver of your rights No provision of this Note can be waived or modified except in writing. If the Guarantor is required under its guarantee to repay my loan(s) because I have defaulted, the Guarantor will become the owner of this Note and as my creditor will have all the rights of the original Lender to enforce this Note against me I understand I must repay this Note even though I may be under 18 years of age This Note is not effective until it is accepted by you I agree to notify you of a change in my name, address or any applicable school enrollment status within 10 days, I have not made any false written statement with regard to this loan If any provision of this Note is determined to be unenforceable or is prohibited by law, such provision shall be considered ineffective without invalidating the remaining provisions of this Note. In this Note the words I, me, and my mean the Borrower identified in Item 7 of Section I of the Application and any Cosigner of this Note You, your and yours mean the Lender and any other owner of the Note If the Borrower becomes totally and permanently disabled, or dies, his or her obligation to repay this loan will be cancelled

**VIII. Deferment.** I am entitled to deferments under the Act, as amended and its regulations In order to receive a deferment, I must request the deferment and provide you with all documentation required to establish my eligibility I understand I must notify you when the condition entitling me to the deferment no longer exists My eligibility for a deferment will be determined according to the information highlighted in the Deferment Information sheet

**IX. Repayment.** I will repay the total amount due on this Promissory Note in periodic installments, with interest on the unpaid balance from the due date of this Promissory Note until the loan is paid in full unless the whole loan is due as described in Default, Paragraph V

I will repay this loan over a repayment period which generally lasts at least 5 years but no more than 10 years However, the following exceptions to these rules apply

1 The Lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I—or, if both my spouse and I have Stafford, PLUS or SLS Program Loans outstanding, we—pay toward principal and interest at least $600 or the unpaid balance of all such loans (plus interest), whichever is less.

2 If I qualify for postponement of my payments during any period described under Deferment, Paragraph VIII, in this Promissory Note, or if the Lender grants "forbearance," those periods will not be included in the 5- and 10-year periods mentioned above

The particular terms and conditions of repayment which apply to this loan will be set forth in a separate document, known as a Repayment Schedule, which the Lender will provide to me, normally just before the repayment period begins I further agree the Lender may grant me a forbearance for the purpose of aligning the first payment date of this loan with other loans reflected on my Repayment Schedule or for the purpose of eliminating a delinquency which persists even though I am making regularly scheduled payments If a forbearance is granted in either of these two situations, the Lender will capitalize any accrued interest

**X. Prepayment.** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time If I do so, I will be entitled to a rebate of any unearned interest which I have paid

**XI. Cre...** ... information concerning the amount of this ... credit bureau organizations ... will also report the default to one or more ... obtain other credit ... days in advance that information about ... less I enter into repayment on the loan ... any credit bureau organization ... the accuracy and completeness of

## Borrower Certification

I certify under penalty of perjury under the laws o... true and correct The information contained in S... correct to the best of my knowledge and belief and ... Loan as a parent, I certify I am the natural or ad... student named in Section III The proceeds of any ... used solely for education expenses for the loan per... described in Section II I understand that any fun... Section IB, which cannot reasonably be attribut... student related to attendance at the school named ... returned to the Lender I authorize the Lender to is... my loan, in full or in part, made payable to me, or at the Lender's option, jointly payable to me and the school, and sent to the school if I am a Student Borrower. I certify that the total amount of loans received under the PLUS/SLS Loan Programs of the Higher Education Act of 1965, Title IV, Part B as amended, will not exceed the allowable maximums I authorize the Lender to perform a credit check ... authorized to check my credit and ... ... with me I further certify I ... Loan (NDSL), a Federal Insured ... Loan (HEAL), a PLUS/SLS Loan, ... so otherwise indicated I further ... Scholarship, Supplemental Grant, or ... understand I will receive a Notice of Loan Guarantee and Disclosure Statement which identifies my loan amount (as determined by the Lender), the fee amounts, disbursement dates, interest rate, due dates, and late charges I understand and agree that if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on the Application and Promissory Note, the information on the Notice of Loan Guarantee and Disclosure Statement applies

Pay to the Order of United Student Aid Funds, Inc. without Recourse or Warranty
Educational Loan Servicing Center, as authorized agent of Indiana National Bank
By:
Date:

## Student Certification

I certify under penalty of perjury under the laws of the United States of America that the following is true and correct The information contained in Section IB of this Application is true, complete, and correct to the best of my knowledge and belief and is made in good faith, I further certify that, if this is an application for a PLUS Loan, the Borrower identified in Section I is my father, mother or legal guardian and to the best of my knowledge, I am dependent upon my parent(s) for the purpose of securing student financial aid I hereby authorize the school named in Section II to pay to the Lender named in Section III any refund which may be due to me up to the amount of this loan I hereby authorize any school that I may attend to release to the Lender, subsequent Holder, Guarantor, U.S Department of Education, or their agents, any requested information pertinent to this loan (e g , enrollment status, financial assistance, employment, current address) I have been accepted for enrollment or am enrolled and am making satisfactory progress at at least a half time student in an undergraduate, vocational, or graduate program at the school named in Section II I further certify I am not now in default on a Perkins Loan, a National Defense/Direct Student Loan (NDSL), a Federal Insured Student Loan (FISL), a Stafford Loan, a Health Education Assistance Loan (HEAL), a PLUS Loan, an Income Contingent Loan or a Consolidation Loan unless I have otherwise indicated I further certify I do not now owe a repayment on a Pell Grant, Byrd Scholarship, Supplemental Grant, or State Student Incentive Grant

**NOTICE TO BORROWER AND COSIGNER: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.**

RECEIVED
MAY 10 2011
BY: